IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL TROY OLSON,

                                                                            ORDER

                  Petitioner,

                                                                            09-cv-161-slc[1]

       v.

C. HOLINKA and
UNITED STATES OF AMERICA,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In 2005, petitioner George Miller was convicted in the United States District Court for the District of Minnesota of possessing a firearm as a felon. He has filed a pleading in this court in which he argues that his conviction is unlawful for various reasons. In the caption of his pleading, he has written what appears to be the case number for his criminal proceeding; he names himself as the "petitioner" and C. Holinka and the United States of America as the "plaintiff." Although this might suggest that petitioner means to bring a

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

motion under 28 U.S.C. § 2255, he calls his pleading a "Motion to Grant Relief in 28 U.S.C. section 2241." Generally, "judges must respect the plaintiff's choice of statute to invoke—whether § 2241, § 2255, or 42 U.S.C. § 1983—and give the action the treatment appropriate under that law." Collins v. Holinka, 510 F.3d 666 (7th Cir. 2007). Further, he has filed his case in the appropriate district for a petition under § 2241 (the district where he is incarcerated) rather than the appropriate district for a motion under § 2255 (the district where he was sentenced). Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004).

Accordingly, I construe petitioner's pleading as a petition for a writ of habeas corpus under § 2241. I have amended the caption to reflect the parties' proper alignment. Because the only proper respondent under § 2241 is petitioner's custodian, I will dismiss respondent United States of America. al-Marri v. Rumsfeld, 360 F.3d 707, 712 (7th Cir. 2004) ("[W]hen there is only one custody and one physical custodian, that person is the proper respondent" under § 2241.) Petitioner has paid the $5 filing fee.

Before I may consider the merits of the petition, petitioner must show that he is in compliance with 28 U.S.C. § 2255(e). Normally, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in §

2

2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Petitioner's petition is 23 pages of argument and 120 pages of attachments, but he fails to explain why a motion under § 2255 was inadequate to challenge his conviction and that his claims are ones of actual innocence. I will give petitioner an opportunity to correct this defect in his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Michael Troy Olson may have until May 15, 2009, to file a supplement to his petition showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner

3

fails to respond by May 15, I will deny the petition for his failure to show that he is in custody in violation of federal law.  Respondent United States of America is DISMISSED from the case.

    Entered this 30th day of April, 2009.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge