IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL TROY OLSON,

                                                                  ORDER

                   Petitioner,

                                                                   09-cv-161-slc[1]

       v.

C. HOLINKA,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Under 28 U.S.C. §2255(e), a federal prisoner may not challenge his conviction in a petition for a writ of habeas corpus under 28 U.S.C. §2241 unless § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." A prisoner satisfies this standard if he shows that "a structural problem in § 2255 forecloses even one round of round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.2d 832, 835 (7th Cir. 2002).

Petitioner is a federal prisoner at the Federal Correctional Institution in Oxford,

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

1

Wisconsin. He has responded to this court's order directing him to show that his challenge to his conviction under 28 U.S.C. § 2241 complies with 28 U.S.C. § 2255(e). Although petitioner's response is difficult to understand, he seems to be making two arguments: (1) § 2255 was never properly enacted into law; and (2) the district court in which he was convicted had no authority to sentence him because it is "an Executive Tribunal" without Article III powers. Both of these arguments are frivolous.

Petitioner is not the first prisoner to argue that § 2255 was never properly enacted into law; the argument seems to have proliferated across the country in recent years. E.g., Cheatham-Bey v. United States Dept. of Justice, 2008 WL 4951034, *4 (D. Kan. 2008); Maldonado-Torres v. Mukasey, 576 F. Supp. 2d 57, 59 (D.D.C. 2008); Gentile v. Gonzalez, 2008 WL 466400, *3 (N.D. Fla. 2008); Wiggins v. United States, 2006 WL 3147706, *2 (S.D. Ill. 2006); Derleth v. United States, 2006 WL 1804618, at *5 (S.D. Tex. 2006); Romero v. Warden, 2006 WL 2794977, *1 (W.D. Okla. 2006); United States v. Long, 2006 WL 1805962, *1 (D. Or. 2006); Jones v. Unknown Warden, 2006 WL 1459841, *1 (E.D. Mo. 2006); Davis v. United States, 2006 WL 89505, *3 (D.S.C. 2006). The argument's popularity is puzzling because it has been rejected universally for the simple and obvious reason that it is wrong. Act of June 25, 1948, ch. 646, 62 Stat. 967 (1948). In any event, the Supreme Court has recognized on numerous occasions that § 2255 *was* enacted into law by Congress. E.g.., Lonchar v. Thomas, 517 U.S. 314, 336 (1996); United States

v. Addonizio, 442 U.S. 178, 184 (1979); United States v. Hayman, 342 U.S. 205, 218-19 (1952).  Because this court is bound by the decisions of the Supreme Court, Karlin v. Foust, 188 F.3d 446, 495 (7th Cir. 1999), I could not entertain petitioner's argument even if I agreed with it.

Petitioner's second argument (that district courts were not created under Article III) is equally problematic for a number of reasons: (1) it has nothing to do with a showing that § 2255 is ineffective (because it is an argument he could have raised in the context of a motion under § 2255); (2) it is self-defeating (because, if petitioner were correct that district courts have no authority under Article III, this court would be powerless to grant his petition); and (3) it is nonsense.  Petitioner need look no further than Article III itself to see that federal district courts are not "executive tribunals."  "The judicial Power of the United States, shall be vested in one supreme Court, *and in such inferior Courts* as the Congress may from time to time ordain and establish."  U.S. Const. Art. III, § 1 (emphasis added).  The Supreme Court has affirmed that Congress created federal district courts under Article III. O'Donoghue v. United States, 289 U.S. 516, 547 (1933); United States v. Union Pacific Rail Co., 98 U.S. 569, 602 (1878).  The cases petitioner cites, Balzac v. Porto Rico, 258 U.S. 298 (1922), and Mookini v. United States, 303 U.S. 201 (1938), involved the authority of courts in United States *territories*, not federal district courts.

3

ORDER

IT IS ORDERED that petitioner Michael Troy Olson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED for petitioner's failure to show he is in custody in violation of federal law.

Entered this 11th day of May, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge